IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| DAVID WINGATE, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 19-4074-HLT |
|  | ) |  |
| BARKMAN HONEY, LLC, et al., | ) |  |
|  | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## ORDER TO SHOW CAUSE

Plaintiff filed this consumer-fraud case on behalf of a putative plaintiff class against Barkman Honey, LLC and Truesource Honey, LLC.[1] The complaint alleges this court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) and the Class Action Fairness Act because there is minimal diversity among the parties.[2] However, it fails to allege facts sufficient to allow the court to confirm whether diversity of citizenship exists.

To establish diversity jurisdiction, the citizenship of a business entity is determined by its organizational structure. For example, if the business is a corporation, its citizenship is both the state where it is incorporated and the state where its principal place of business is located.[3] And if the business is an unincorporated association (such as a limited liability company ("LLC"), general partnership, or limited partnership), its citizenship is

---

[1] ECF No. 1.

[2] *Id.* at 3.

[3] 28 U.S.C. § 1332(c)(1); *Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

determined by the citizenship of each one of its members.[4] The court has an independent obligation to satisfy itself that subject matter jurisdiction is proper.[5] It "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[6]

Here, plaintiff is a resident and citizen of Illinois.[7] The complaint indicates defendant Barkman Honey LLC, is "a Delaware Corporation with its principal place of business [in Kansas]," and that Truesource Honey, LLC, is "a foreign corporation with its principal offices located [in Washington, D.C.]."[8] As an initial matter, the court finds it inconsistent that plaintiff refers to the two defendants as "corporations," when all parties seem to agree they are unincorporated LLCs.[9] Second, as indicated above, the citizenship of each defendant LLC is determined by the citizenship of each one of its members. Because the complaint is silent as to the identity and citizenship of defendants' individual members, it fails to establish citizenship for diversity-jurisdiction purposes.

IT IS THEREFORE ORDERED that by **November 12, 2019,** the parties shall file

---

[4] *Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014-15 (2016); *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 320 (7th Cir. 2002).

[5] *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).

[6] *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

[7] ECF No. 1 at 2.

[8] *Id.* at 2-3.

[9] *See* ECF Nos. 1 at 1, 14 at 1, 24 at 1, 25 at 6.

a joint report, with affidavits, demonstrating the citizenship of each defendant.

Dated October 29, 2019, at Kansas City, Kansas.

s/ James P. O'Hara<br>
James P. O'Hara<br>
U.S. Magistrate Judge