# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVE WINGATE,  )
 )
          Plaintiff,  )
 )
vs.  )   Case No. 19-cv-4074-HLT
 )
BARKMAN HONEY LLC,  )
 )
          Defendant.  )
 )

## JOINT STIPULATED PROTECTIVE ORDER

This matter comes before the Court to consider the agreement of Plaintiff Dave Wingate and Defendant Barkman Honey LLC, as evidenced by the signatures of their respective counsel below, to enter a protective order to preserve the confidentiality of certain documents and records to be produced to the opposing party or parties or their respective legal counsel.

The parties represent that discovery in this case is likely to include information, the disclosure of which could result in annoyance, embarrassment, oppression, or undue burden or expense, if not governed by a protective order. Among other things, the parties anticipate discovery concerning Defendant's sales, Defendant's honey processing practices, Defendant's suppliers (who are not parties to the litigation), consumer research, and other matters that could negatively impact Defendant if disclosed to a competitor or others in the honey industry. The parties also anticipate discovery concerning Plaintiff's financial information.

Therefore, for good cause shown, the Court hereby ORDERS pursuant to Fed. R. Civ. P. 26(c) that the following terms and procedures shall govern the handling of confidential, trade secret, and/or proprietary information produced by any party, third party, or witness in this action:

1. **"Confidential Information"** means any type of information, document, or tangible object, including but not limited to electronic files, electronic mail, photographs, voicemails, videotape recordings, plans, drawings and designs, that is designated in good faith as confidential by the supplying party, whether it be a tangible thing, a document, information contained in a document, information revealed during a deposition or during an inspection of the facilities of the parties, or information revealed in an interrogatory answer or other discovery.

For the purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories:

- Financial and/or tax information and records;

- Medical records;

- Trade Secrets and other proprietary information;

- Confidential Customer Information;

- Information designated as personal information or personally identifiable information under state or federal data-protection laws; and

- Records for which disclosure is restricted or prohibited by law.

2. **"Qualified Person"** means:

(a) The Court, court personnel, jurors, and the attorneys and their law firms of record in this action and any associated counsel; stenographic, clerical, paralegal employees, or contractors of those attorneys; and counsel to whom it is necessary that the information be disclosed for purposes of this action. Persons identified in this subparagraph (a) need not sign the Confidentiality Acknowledgement, the general form of which is attached hereto as **Exhibit A** and incorporated by reference herein.

(b) Independent experts or consultants employed by a party or by its attorneys of record in this action who agree in writing to be bound by the terms of this Protective Order. The independent expert or consultant must read this Protective Order and complete and sign the Confidentiality Acknowledgement in the general form of **Exhibit A**, attached. Any such form signed by an expert or consultant will be kept in the respective counsel's file until the time for disclosure of such experts and/or consultants, if applicable.

(c) Officers or employees designated specifically by each party in good faith as necessary to receive designated information and who agree, in writing, to be bound by the terms of this Protective Order.

(d) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such Confidential Information will assist the witness in recalling, relating, or explaining facts or in testifying. If such witness is allowed to retain a copy of any Confidential Information, then such witness shall further be required to read this Protective order and complete and sign the Confidentiality Acknowledgement in the general form of **Exhibit A**.

(e) The author or recipient of the Confidential Information (not including a person who received the Confidential Information in the course of the litigation).

(f) Any mediator appointed by the Court or jointly selected by the parties.

(g) Any other person who is designated as a Qualified Person by Order of the Court, after notice to all parties, or who is designated as a Qualified Person by agreement of the parties. Any person designated under this subparagraph must read this Protective Order and complete and sign the Confidentiality Acknowledgement in the general form of **Exhibit A**, attached.

3. Documents and things produced by any party or non-party which contain Confidential Information must be designated as such by marking each page of the document or thing at or before the time of production substantially as follows: **CONFIDENTIAL**. In the event a non-party produces information, that non-party may designate such information **CONFIDENTIAL**, or any party may so designate the information from the non-party under the terms of this Protective Order within thirty (30) days of receipt of such information. Only a Qualified Person, as that phrase is defined in Paragraph 2, will have access to documents or information designated as **CONFIDENTIAL**.

For Information produced in some form other than documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "**CONFIDENTIAL**." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "**CONFIDENTIAL**" portions.

4. Any information designated as **CONFIDENTIAL** will not be disclosed by any party to this action to any persons or entities except as provided in this Agreement or as provided upon further Order of the Court.

5. Any information designated as **CONFIDENTIAL** will not be used by the non-designating party for any purpose other than in connection with this action.

6. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this action may be designated as **CONFIDENTIAL** by counsel making such designation orally on the record during the deposition, or within fifteen (15) business days after counsel receives the

transcript of the deposition. The entire deposition shall be treated as Confidential until such period has lapsed. After the expiration of such period, only those portions of the deposition transcript designated as **CONFIDENTIAL** are subject to this Protective Order. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing **CONFIDENTIAL** Information may be separately bound by the court reporter, who must affix to the top of each page the legend **CONFIDENTIAL** as instructed by the Designating Party.

7. A party designating information as **CONFIDENTIAL** has the affirmative obligation to make either designation in the good-faith belief that such information is entitled to protection from disclosure.

8. A party will not be obliged to challenge the propriety of any designation for protection at the time the designation is made; failing to do so will not preclude, nor constitute a waiver of, a later challenge.

9. If any party disagrees with or objects to a designation made by another party under this Protective Order, the parties must first try to resolve such disagreement informally and in good faith.

If the dispute cannot be resolved informally, the party objecting to the designation may seek appropriate relief from this Court. The party seeking to protect information will have the burden of proving the appropriateness of the protection sought. All parties must continue to treat any information designated as **CONFIDENTIAL** consistent with the terms of this Protective Order pending any motion to challenge such a designation and until such designation is altered or amended by Order of this Court or agreement of the parties. At the request of any party, all parties agree to have the Court address the dispute on an expedited basis.

10. Nothing will prevent disclosure beyond the terms of this Order if the party designating the information as **CONFIDENTIAL** consents in writing to the disclosure, or if the Court, after notice to all parties, orders such disclosure. The limitations on disclosure contained in this Protective Order shall not apply to documents or information (i) already in the possession of a party with the consent of the designating party, independent of discovery; or (ii) are or become published or available in a lawful manner that is not in violation of this Protective Order. Nothing in this Protective Order shall be deemed to restrict in any way any party's or third party's use of its own documents or information.

11. **Filing of Confidential Information.** If a party seeks to file any document containing **CONFIDENTIAL** Information subject to protection under this Order, that party must take appropriate action to ensure that the document receives proper protection from public disclosure, such as: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6; or (c) submitting documents *in camera* where appropriate.

Nothing in this Order will be construed as authorizing any document to be filed under seal; the mere designation of information as **CONFIDENTIAL** pursuant to this Order is not sufficient. The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion. If the motion is granted and the requesting party is permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

12. Not later than one hundred and twenty (120) days after the conclusion of this action, including appeal, by entry of a final order, any originals or reproductions of any documents

designated as **CONFIDENTIAL** Information must be returned to the designating party or destroyed. The provisions of this Paragraph 12 do not apply to pleadings, deposition transcripts, or exhibits. If the **CONFIDENTIAL** Information is destroyed rather than returned to the designated party, the non-designating party must provide written confirmation of the destruction of the **CONFIDENTIAL** Information to the designating party within the timeframe designated above. Notwithstanding the above requirements to return or destroy documents, counsel for any party may retain any documents, recordings, or summaries as attorney work product or as otherwise required by law.

13. Designating discovery material in accordance with this Order as **CONFIDENTIAL** Information is intended to help the parties prepare for trial and to protect such information from being used outside this case to the detriment of any of the parties. Treating designated material in conformity with such designation will not be an admission or agreement by any party that the designated material constitutes or contains any confidential or proprietary information. Nothing in this Order will be construed to affect the use of any document, material, or information at any trial, hearing, or deposition in this litigation.

14. Designating discovery material in accordance with this Order as **CONFIDENTIAL** Information will not be construed as an admission by any party of the material's relevance or authenticity for the purposes of this case or in any other matter. The relevance of designated materials must be determined under the Federal Rules of Evidence and the Federal Rules of Civil Procedure; likewise, the authenticity of such designated materials must be determined to satisfy any applicable Federal Rules of Evidence.

15. The inadvertent or unintended disclosure of **CONFIDENTIAL** Information will not be a waiver of a subsequent claim of protected treatment under this Protective Order as to the

specific information and/or documents disclosed, provided that written notice of the claim of confidentiality is given to all counsel of record in this action within thirty (30) days following the initial disclosure.

16. The parties agree to be bound by the terms of the Confidentiality Acknowledgment set forth above regardless of whether, or when, the Court enters this Protective Order. This Protective Order may be amended or modified in any respect by further order of the Court and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

17. **Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered **CONFIDENTIAL** Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within three (3) business days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum

protection provided by said rule, nothing in this Order is intended to or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

Dated: February 19, 2020

        s/ James P. O'Hara
U.S. Magistrate Judge James P. O'Hara

Agreed to and Submitted by:

James P. Muehlberger, KS#16712
Zach Chaffee-McClure, KS#23479
SHOOK, HARDY & BACON L.L.P.
2555 Grand Blvd.
Kansas City, Missouri 64108
Tel: 816.474.6550
Fax: 816.421.5547
jmuehlberger@shb.com
zmcclure@shb.com

*Attorneys for Barkman Honey, LLC*

J. Phillip Gragson, #16103
John H. Hutton, #16573
Kathleen S. Harvey, #27481
HENSON, HUTTON, MUDRICK,
GRAGSON & VOGELSBERG, L.L.P.
3649 SW Burlingame Rd., Ste. 200
Topeka, KS 66611-2155
(785) 232-2200; (785) 232-3344 (facsimile)
jpgragson@hhmglaw.com
jhutton@hhmglaw.com
kharvey@hensonlawoffice.com

Kent A. Heitzinger, IL Bar No. 3123385
KENT A. HEITZINGER &
ASSOCIATES
1056 Gage St., # 200
Winnetka, IL 60093
Phone: (847) 446-2430
E-mail: heitzinger.law@gmail.com

Terrence Buehler, IL Bar No. 6181738
THE LAW OFFICE OF TERRENCE
BUEHLER
1 South Wacker Drive, Suite 3140
Chicago, IL 60606
Phone: (312) 371-4385
E-mail: tbuehler@tbuehlerlaw.com

*Attorneys for Plaintiff*

# EXHIBIT A --
# CONFIDENTIALITY ACKNOWLEDGEMENT

In order to receive and review certain materials or testimony that have been designated as **CONFIDENTIAL** within the terms of the Protective Order entered in the action entitled *Wingate v. Barkman Honey LLC*, Case No. 5:19-cv-04074, in the U.S. District Court of Kansas, I represent:

    A.    I have read the aforementioned Protective Order and agree to be bound by it.

    B.    I hereby agree to submit to the jurisdiction of the U.S. District Court of Kansas, for enforcement of the Protective Order.

    C.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _____

                                                    Signature

                                                    Name

                                                    Address

                                                    Title